ROMÁN *v*. AMERICAN RAILROAD COMPANY OF PORTO RICO.

APPEAL from the District Court of San Juan.

No. 74.—Decided January 29, 1906.

APPEAL—EVIDENCE—BILL OF EXCEPTIONS—STATEMENT OF FACTS.—In order that the Supreme Court may consider on appeal the evidence taken at the trial, it is necessary that there be included in the transcript of the record either a bill of exceptions or a statement of facts.

ID.—STENOGRAPHER'S NOTES.—The stenographer's notes form no part of the record on appeal.

ID.—DISMISSAL OF APPEAL WITHOUT PREJUDICE TO THE RIGHTS OF PARTIES TO TAKE A NEW APPEAL.—The fact that an appeal is dismissed without prejudice to the rights of the parties to take another appeal does not confer upon the appellant the right to take such second appeal where the term provided for by law within which to take an appeal has expired.

DAMAGES AND LOSSES—NEGLIGENCE.—Where a person voluntarily and with manifest negligence jumps from a railroad train while the same is in motion, he cannot recover damages from the company by reason of any personal injury which he may thereby suffer; but if such person is pushed or required to jump from the train by any employe of the company, then the company is liable.

EVIDENCE—CONTRADICTORY TESTIMONY.—Where the testimony of witnesses is contradictory, the trial court must endeavor to harmonize the same as far as possible; and if this cannot be done, it must determine on which side the preponderance of the evidence lies.

ID.—APPEAL.—Where the testimony of witnesses is contradictory the conclusions reached by the trial court in harmonizing the evidence must be accepted by the appellate court.

ID.—APPEAL BASED UPON THE GROUND THAT THE JUDGMENT IS NOT WARRANTED BY THE EVIDENCE.—Where an appeal is taken on the ground that the decision of the court is not in accordance with the evidence on the trial it cannot be considered unless it is taken within fifteen days after the rendition of judgment.

The facts are stated in the opinion.

*Mr. Santoni* for plaintiff and appellant.

*Messrs. Díaz and Texidor* for defendant and appellee.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This was a suit for damages, occasioned by personal injuries, brought by the plaintiff, Román, against the American Railroad Company, on the 7th of March, 1905, asking damages in the sum of $4,000 for a broken leg, and $300 for surgeon's fees for the amputation of the same. His complaint, which was filed on the date aforesaid, alleged that he was lawfully upon the train while it was stopping at the station of Arecibo, and placing some bundles belonging to Sergeant Salgado, of the Insular police force, in the car, and the train started before he could alight, and that after the train had started the conductor compelled him to jump from the train, pushing him violently from one of the coaches while in motion, and that he fell upon the ground causing a compound and comminuted fracture of the leg, on account of which amputation was necessary.

The answer of the defendant, which was filed on the 20th of March, alleged that the negligence was truly reckless with which the defendant threw himself from the train while in motion without the knowledge of the employes of the company, and that the same was the original and only cause of the accident which occurred and of the damages which were occasioned to the plaintiff.

This is the issue of fact made up by the pleadings. Was the plaintiff thrown from the train by one of the trainmen, or did he jump from the train of his own accord? There can be no dispute about the law in the case. In the first state of facts the judgment should have been in favor of the plaintiff, and in the second in favor of the defendant. Which is the truth?

The trial was held on the 25th of May, and judgment was rendered on the 26th day of the same month, being duly registered in the judgment book on the 31st of the same month, all during the present year. Both parties being dissatisfied with the judgment each took an appeal to this court. Notice of appeal was given by the defendant on the 3d of June, 1905, and by the plaintiff on the 26th of the same month. The defendant appealed from the judgment entire, and the plaintiff only from so much of it as fixed the amount of damages, claiming that the sum was inadequate to the injuries sustained.

The Railroad Company makes three fundamental points as the basis for its appeal.

"I. Was Rafael Valentín Román pushed by anyone, or did he, without being told or required to do so, jump, deliberately and of his own free will, without using due diligence and without exercising the necessary care, from the mail train of the American Railroad Company of Porto Rico, which was en route from Camuy, and which was leaving Arecibo for San Juan, on the 26th of August, 1904, while the said train was in motion?

"II. Admitting that it has been proven that some one pushed him, has it been so proven that the person who pushed him was, as is stated in the complaint, Mr. Manuel Mascaró, master and conductor of the said train on the day mentioned, and an employe of the American Railroad Company of Porto Rico?

"III. If Mr. Manuel Mascaró did not push him, can it be affirmed that it was some other employe of the American Railroad Company of Porto Rico?

These propositions require an examination of the facts to sustain them. There is no statement of facts nor bill of

exceptions contained in the record, and on this account the defendant's case could not be properly presented on the basis which he lays down. For this reason, he contends in a brief filed herein that if the appeal cannot be considered for want of a statement of facts or a bill of exceptions, or in other words, if the stenographic notes cannot be held to support his contentions, that the appeal should be dismissed without prejudice to his right to bring another if he should so elect.

We see no reason whatever for dismissing the appeal with or without prejudice to another appeal, because it is properly before us for affirmance or reversal and no motion has been made to dismiss the same, but only a suggestion that, if it should be dismissed it be dismissed without prejudice as stated.

But even if this course should be taken and the appeal should be dismissed without prejudice to another appeal, under section 295 of the Code of Civil Procedure the appellant would find that the time had elapsed before the hearing of this case within which an appeal could be taken. That section prescribes different periods varying from ten days to one month, after the entry of the judgment or order, within which the appeal must be taken, and as this judgment was rendered on the 26th day of May, 1905, and the case was heard in this court on the 14th day of December, thereafter, it will readily be seen that the time within which an appeal could be taken had expired long before the suggestion was made, so it is useless to consider this matter further.

Counsel for the company contends that this appeal was filed before the Supreme Court had held that the stenographer's notes could not serve as a statement of facts or a bill of exceptions, and that this court had previously in several cases, treated such notes as sufficient to serve in that capacity. It is true that this court has in former cases looked into the stenographer's notes as presented, and carefully considered the same, treating them as a substitute for a

statement of facts, but when the matter was brought to the attention of the court in another case on the provisions of law as contained in the statutes, it was determined that the stenographer's notes could not be considered as a statement of facts or a bill of exceptions, and had no place in the record of a case brought to this court on appeal, their function being entirely limited to the district court. There is no decision of this court, either in a civil or criminal case, which definitely determines that the stenographer's notes can serve as a statement of facts or a bill of exceptions; but the court has tacitly, on several occasions, both in civil and criminal cases, heretofore, treated such notes as a substitute for the documents mentioned. As soon as the matter however was carefully considered, this court decided that a statement of facts or a bill of exceptions should be prepared in accordance with the statutes and the rules of the district court, and of this court, before matters detailed in the oral testimony could be properly considered here, and that the stenographer's notes formed no part of the record in this court. This was clearly decided by this court in the case of *The People of Porto Rico* v. *Pascual y Juana Borrás,* in which the opinion was written by Mr. Justice Wolf on the 24th of November, 1905; and the same doctrine was announced in another case on appeal in which the opinion was written by Mr. Justice Figueras and in which the parties were *The People of Porto Rico* v. *Labordi and others.*

The present case is no exception to the rule, and cannot be made so even under the ingenious theory propounded by the eminent counsel for the railroad company. We may say, however, that in view of the zeal with which he has urged his point the *ponente* in this case has carefully examined every word of the stenographer's notes, and has also read the statement of the proofs which counsel for the railroad company has condensed into his brief. This trouble was taken notwithstanding the fact that the stenographer's notes above mentioned form no part of the record.

According to the facts set forth in the brief of counsel for the appellant there is a conflict of evidence on the main point in the case; that is to say, as to whose fault it was that the man's leg was broken. If the plaintiff voluntarily and with reckless negligence jumped from the train, while in rapid motion, then of course he could not recover damages from the railroad company on account of the consequent personal injuries. If, however, the train conductor compelled him to jump, or pushed him from the train, while in motion, the defendant is liable for the injuries thereby sustained. This is the whole case in a nutshell.

To sustain the appellant's contention we find in his brief a summary of the evidence on behalf of the plaintiff consisting of his own testimony, and of that given by Ramón Alicea, Alvaro Blanco, and two doctors who testified in his behalf. On the other hand we find in the same brief a condensed statement of the evidence given by José Gómez Ramón, Salgado Petrona López, Maximiliano Torres, Ramón Coto, Inocencio Quintero, José Marcona, Manuel Mascaró and Arturo Rodríguez. Only three or four of them knew anything whatever of the main pertinent facts. Some of the evidence is entirely negative; that is to say that the witnesses did not see the conductor or anyone else push the plaintiff off the train. Most of them were not in a position from which they could have seen this if it actually occurred. The police sergeant, Salgado, was sitting inside the car with his face toward the platform from which the plaintiff fell and saw him lying on the ground making grimaces. The policeman Negrón was on the platform at the opposite end of the car, and of course could not see the occurrence. The two women were in the station house looking out of the windows. The engine driver and the fireman saw nothing at all of the matter, and Marcano and Masero were in Rio Piedras. Rodríguez testified as to what the plaintiff said at the hospital, and his testimony, if it is credible, has a tendency to contradict the plaintiff's witnesses.

The testimony being thus conflicting it was the duty of the trial judge, sitting in place of a jury, to reconcile it as far as possible, and not being able to do so, to determine which way the evidence preponderates. He had all the witnesses before him and could form a better opinion of the credibility of their testimony and the weight to be given to it than any other court or judge. He exercised that discretion, and from what appears from the evidence, as stated fairly by the counsel for the appellant, Román, did so wisely; and even if we should consider the testimony given on the trial to be just, as stated by the eminent counsel for the railroad company, we could not reverse the conclusion reached by the trial judge.

The judgment in this case is amply justified by the record, and a thousand dollars is not an exorbitant sum at which to estimate the damages suffered by personal injuries which caused a man the loss of his leg.

The appeal taken by the plaintiff, of which notice was given on the 26th of June, 1905, more than three weeks after the judgment was rendered and recorded, comes too late under the first paragraph of section 295 of the Code of Civil Procedure, which requires such appeals to be taken within fifteen days after the rendition of the judgment. For that reason it cannot be considered. But even if it had been brought in time and notice duly given according to the statute, we would not feel justified in disturbing the judgment of the court below, inasmuch as there is no statement of facts or bill of exceptions or any other document from which the evidence presented to the court below could be considered by this court, for the purpose of changing the judgment rendered therein, or enlarging the amount.

Taking all the facts of the case as presented into consideration and the law applicable thereto, we believe that the trial court arrived at a just and righteous judgment in this

case, and that the judgment rendered by the said trial court on the 26th of May, 1905, should be in all things affirmed.

*Affirmed.*

Chief Justice Quiñones, and Justices Hernández, Figueras and Wolf concurred.